UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-CV-22449-RNS

SERGIO DANIEL HERNANDEZ
RODRIGUEZ, and all others similarly
situated under 29 U.S.C. §216(b),

    Plaintiff,

v.

PLC INTERNATIONAL, INC.,
CARLOS HUERTA,

    Defendants

_____,

**DEFENDANTS' ANSWER, DEFENSES AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, PLC INTERNATIONAL (hereinafter referred to as "Defendant PLC") and Defendant, Carlos Huerta (hereinafter referred to as "Defendant Huerta") (collectively referred to as "Defendants") serve and file their Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint and respectfully state as follows:

1.    In response to paragraph 1, Defendants admit that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§201-216.

2.    In response to paragraph 2, Defendants are without knowledge or information concerning said allegations and thus, deny same.

3.    In response to paragraph 3, Defendant PLC denies the allegations contained in said paragraph except admits that it is a Florida corporation that transacts business in Miami-Dade County, Florida and it was Plaintiff's "employer" as defined by the FLSA.

4. In response to paragraph 4, Defendant, Carlos Huerta denies the allegations contained in said paragraph except admits that it is a corporate officer and owner of Defendant, PLC International.

5. In response to paragraph 5, Defendants deny knowledge or information concerning the allegations contained in said paragraph and thus, deny same.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. In response to paragraph 6, Defendants deny the allegations contained in said paragraph except admit that Plaintiff purports to bring this case as an opt-in action and that this action arises under the laws of the United States

7. In response to paragraph 7, Defendants admit the allegations contained in said paragraph.

8. The allegations contained in paragraph 8 of the Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 8.

9. In response to paragraph 9, Defendants deny the allegations contained in said paragraph except admit admit that Plaintiff was employed as a Software Development Engineer by Defendant PLC.

10. In response to paragraph 10, Defendants deny the allegations contained in said paragraph.

11. In response to paragraph 11, Defendants deny the allegations contained in said paragraph.

12. In response to paragraph 12, Defendants deny the allegations contained in said paragraph.

13. In response to the paragraph 13, Defendants deny the allegations contained in said paragraph.

14. In response to the paragraph 14, Defendants deny the allegations contained in said paragraph.

15. In response to the paragraph 15, Defendants deny the allegations contained in said paragraph.

16. In response to the paragraph 16, Defendants deny the allegations contained in said paragraph.

17. In response to the WHEREFORE clause following paragraph 16 of the Complaint, Defendants deny that Plaintiff is entitled to any relief.

18. In response to the italicized phrase "The Plaintiff requests a trial by jury" which is the last sentence of the WHEREFORE clause following paragraph 16, Defendants aver that Plaintiff has demanded a trial by jury on all issues so triable.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

19. In response to the unnumbered paragraph beginning with the phrase "COMES NOW" below the heading "Count II. Federal Minimum Wage Violation," Defendants readopt the answers contained in paragraph 1-16 above.

20. The allegations contained in paragraph 17 of the Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 17.

21. In response to the paragraph 18, Defendants deny the allegations contained in said paragraph.

22.     In response to the paragraph 19, Defendants deny the allegations contained in said paragraph.

23.     In response to the paragraph 20, Defendants deny the allegations contained in said paragraph.

24.     In response to the WHEREFORE clause following paragraph 20 of the Complaint, Defendants deny that Plaintiff is entitled to any relief.

25.     In response to the italicized phrase "The Plaintiff requests a trial by jury" which is the last sentence of the WHEREFORE clause following paragraph 20, Defendants aver that Plaintiff has demanded a trial by jury on all issues so triable.

26.     Each and every allegation not specifically admitted herein is denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff was, at all times, an "exempt" employee as defined by the FLSA.

2.      Plaintiff was properly compensated for all the work he performed.

3.      *Assuming arguendo,* Plaintiff is considered a non-exempt employee and to the extent that Plaintiff may have worked with or without the actual or constructive knowledge of Defendants, Plaintiff is not entitled to any compensation for any such overtime hours worked.

4.      Plaintiff's claims and/or the claims of "similarly situated individuals" are barred in whole or in part by the applicable statute of limitations.

5.      Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Section 21(b) of the FLSA, and therefore, the class certification allegations of the Complaint should be stricken and/or dismissed.

6.      Plaintiff cannot establish a willful violation of the FLSA.

7. Defendants acted in good faith and with reasonable grounds to believe that they were not in violation of the FLSA.

8. Plaintiff's and/or the claims of "similarly situated individuals" are *de minimus*. The claims for *de minimus* amounts are not subject to payment and do not constitute a violation of the FLSA.

9. Should Plaintiff establish that he is entitled to liquidated damages, he is not entitled to pre-judgment interest.

10. Defendants reserve the right to assert additional defenses as they arise during the course of this litigation.

**[THIS SPACE IS INTENTIONALLY LEFT BLANK]**

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to the claims set forth in Plaintiff's Complaint, award them attorney's fees and costs in the defense of this action and any other relief that this Court deems just and proper.

Dated:  August 4, 2015

>Respectfully submitted,
>
>*/s/ Ena T. Diaz*
>_____
>Ena T. Diaz
>Florida Bar No. 0090999
>Ena T. Diaz, P.A.
>*Attorneys for Defendants*
>999 Ponce De Leon Blvd.
>Suite 720
>Coral Gables, Florida 33134
>Ph.     305-377-8828
>Fax     305-356-1311
>ediaz@enadiazlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed Defendants' Answer Defenses and Affirmative Defenses with the Clerk of Court by using the CM/ECF system which will in turn send a notice of electronic filing to J.H. Zidell, Esq (Zabogado@aol.com) J.H. Zidell, P.A. 300 71st Street, #605, Miami Beach, Florida 33141 this 4th day of August 2015.

*/s/ Ena T. Diaz*