## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (THIS "AGREEMENT") is entered into by and among PLC INTERNATIONAL, INC., including its representatives, attorneys, successors, and assigns, CARLOS HUERTA, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants"), and SERGIO DANIEL HERNANDEZ RODRIGUEZ, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed during the period of his employment. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- **Claim for unreimbursed fees (including but not limited to attorney's fees) associated with Plaintiff's application for an H1-B Visa;**

Travel Expenses to Chile subsequent to his termination of employment by Defendants;

Retaliation under the Fair Labor Standards Act

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;

The Immigration Reform and Control Act, as amended;

- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;

1 of 7

SH  Sergio Daniel Hernandez Rodriguez         _____ PLC Internacional, Inc.
                                              _____ Carlos Huera

42 U.S.C. 1981, 1985 and 1986

Retaliation claims under the applicable federal, state and local employment laws

- Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;

The Florida Workers Compensation Act, including, Fla. Stat. 440.205

Florida Wage Payment laws

- Chapter 11A of the Miami-Dade County Code; and

Any other federal, state, or local civil or human rights law or any other local, state, or federal law, regulation or ordinance;

Any public policy, contract, tort or common law; and

Any claims for costs, fees, or other expenses including attorney's fees incurred in these matters.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Hernandez Rodriguez v. PLC International, Inc. et al.*, Case No. 1:15-cv-22449-RNS pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the mediation fee (including Plaintiff's portion) of the parties mediation that took place on January 11, 2016 AND the total sum of Twenty-three Thousand Dollars and 00/100 Cents ($23,000.00) (the "Settlement Funds"), which shall be issued in six (6) installments and post-dated checks delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, as follows:

i. The first installment shall be paid twenty (20) days from the date of the Court's Order approving the settlement agreement in the total amount of Three Thousand Eight Hundred Thirty-Three Dollars and 33/100 Cents ($3,833.33) to be apportioned as follows: (1) Check made payable to Trust Account of J.H. Zidell, P.A in the amount of $1625.00; (2) Check made payable to Sergio Hernandez Rodriguez in the amount of $1,104.17, less applicable tax deductions and (3) Check made payable to Sergio Daniel Hernandez Rodriguez in the amount of $1,104.17.

ii. The second through fifth installment payments shall be made in the same amounts and to the same payees as set forth in subsection (i) in post dated checks dated the tenth of the month (each month following the first installment payment for a total of five months). The post dated checks shall be provided to counsel for Plaintiff within twenty days from the date of the Court's Order approving the settlement agreement. There shall be five (5) post dated checks made payable to the Trust Account of J.H. Zidell, P.A. in the amount of $1625.00; Five post dated checks to Sergio Daniel Hernandez Rodriguez in the amount of $1,104.17, less applicable tax deductions;

_SH_ Sergio Daniel Hernandez Rodriguez            PLC Internacional, Inc.
                                                  Carlos Huera

and Five post dated checks in the gross amount of $1,104.17 made payable to Sergio Daniel Hernandez Rodriguez.

The Settlement Funds shall be allocated as follows:

i. Plaintiff shall receive the total amount of Thirteen Thousand Two Hundred Fifty Dollars and 00/100 Cents ($13,250.00) payable to Plaintiff representing unpaid wages, liquidated damages owed to Plaintiff,

ii. Nine Thousand Seven Hundred Fifty Dollars and 00/100 Cents ($9,750.00) payable to Plaintiff's Counsel, of which Nine Thousand Two Hundred Dollars and 00/100 cents ($9,2000.00) represents attorneys' fees and Five Hundred Fifty Dollars and 00/100 cents ($550.00) represents costs in this litigation.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), Plaintiff shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice

**Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Ena T. Diaz, Esq., ediaz@enadiazlaw.com. Should Defendants cure said breach within three (3) business days of receiving the written notification, Defendants, jointly and severally, shall pay Plaintiff Five Hundred Dollars and 00/100 Cents ($500.00) and said amount is payable in the form of a check to the Trust Account of J.H. Zidell, P.A.. In the event that Defendants, jointly and severally, fail to cure said breach within three (3) business days of receiving the written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Thirty Thousand Five Hundred Dollars and 00/100 Cents ($30,500.00), less any payments made, as agreed in subsection (2) of this Agreement. In the event of a breach, Plaintiff shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

3. **Return of PLC's Property**: Plaintiff agreed to return PLC's software code by the end of business day on January 12, 2016. Plaintiff's counsel confirmed receipt of PLC's software code contained on two CD's in Plaintiff's counsel's office with Defendant's counsel through email on January 12, 2016. Plaintiff turned over two CD's on January 13, 2016, which Defendants now have in their possession and Plaintiff represents that this is the only copy of PLC's software code that he kept subsequent to his separation of employment at PLC and Defendants have no

SH  Sergio Daniel Hernandez Rodriguez        PLC Internacional, Inc.
                                              Carlos Huera

reason to contest the same. Plaintiff further acknowledges that he has not used this software code, does not intend to use it and will not use it.

Plaintiff further agreed that by the close of business on January 12, 2016 he was to update his social media accounts to reference his actual dates of employment at PLC (October 20, 2014 to July 14, 2015). Plaintiff confirms that he updated his social media accounts, as agreed on or before January 12, 2016.

4. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

6. **Covenant of Non-Solicitation.** Plaintiff agrees, warrants, and represents that he will not solicit or assist present or former employees of Defendants for the purpose assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendants with any governmental agency or any court, except as required by law.

7. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

8. **Mutual Non Disparaging Remarks.** The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

9. **No Re-Hire/No Reinstatement.** Plaintiff agrees to never apply for employment and/or seek independent contractor work with Defendants. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory. In consideration for the payments made by Defendants under this Agreement, and in light of the irreconcilable differences between the Parties, Plaintiff
4 of 7

_SH_ Sergio Daniel Hernandez Rodriguez

 PLC Internacional, Inc.
Carlos Huera

acknowledges and agrees that he is not entitled to, and will not accept, reemployment or reinstatement of employment with Defendants. .

10. **Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates of employment and position held by Plaintiff while working for Defendants.

11. **Confidentiality.** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountants; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law.

Notwithstanding the above "confidentiality" provision, this Settlement Agreement shall be attached as an Exhibit to the Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice and shall be filed on PACER for Court approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).

12. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

13. **Dismissal of Lawsuit.** Plaintiff's Counsel shall file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

14. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

5 of 7

SH Sergio Daniel Hernandez Rodriguez

PLC Internacional, Inc.
Carlos Huera

15. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

16. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

17. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

18. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by his attorneys before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

19. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

20. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

21. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

[SIGNATURE PAGE TO FOLLOW]

6 of 7

_SH_ Sergio Daniel Hernandez Rodriguez

\_\_\_\_\_ PLC Internacional, Inc.
Carlos Huera

SERGIO DANIEL HERNANDEZ
RODRIGUEZ

By: _____
SERGIO DANIEL HERNANDEZ
RODRIGUEZ

Date: 09/02/16

PLC INTERNATIONAL, INC.

By: _____
Name: CARLOS A HUERTA
Title: PRESIDENT
Date: 2/9/2016

CARLOS HUERTA

By: _____
CARLOS HUERTA

Date: 2/9/2016

7 of 7

SH Sergio Daniel Hernandez Rodriguez

PLC Internacional, Inc.
Carlos Huera